HOWARD L. MAGEE, SBN 185199
hmagee@diversitylaw.com
MAX W. GAVRON, SBN 291697
mgavron@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA  90071
Telephone:  (213) 488-6555
Facsimile:  (213) 488-6554

Attorneys for Plaintiff
PETER CAVAZOS

JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
HAIDY M. RIVERA, SBN 322117
haidy.rivera@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

# UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CAVAZOS,<br><br>              Plaintiff,<br><br>     vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>              Defendants. | No. 2:22-cv-1455 JAM DB<br><br>**STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND PROPRIETARY INFORMATION; AND ORDER** |

**IT IS HEREBY STIPULATED** by and between Plaintiff PETER CAVAZOS ("Plaintiff") and Defendant WAL-MART ASSOCIATES, INC., ("Defendant"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

This Stipulation and Protective Order shall be applicable to and shall apply to the production

and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, request for admissions and responses to requests for admissions, exhibits, pleadings, and all other information exchanged and furnished in this action by the parties that are confidential and/or proprietary.

I. **SCOPE**

(a) The parties acknowledge that discovery will require disclosure of information that is private and personal or confidential and proprietary, and may include personnel records, medical records, personnel policies, employment offers, trade secrets, competitive analyses, income statements, client or customer information, and financial records and statements, along with other proprietary or confidential information. As a result, the parties agree that they will be required to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information. The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(b) This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information designated hereunder as "Confidential," and shall apply to:

(i) All such documents, including those from third parties, so designated in accordance with this Protective Order and legal standards and definitions, and all information contained therein;

(ii) Portions of deposition testimony and transcripts and exhibits thereto which include, refer to, or relate to any Confidential Information;

(iii) All information, copies, extracts, and complete or partial summaries prepared or derived from Confidential Information; and

(iv) Portions of briefs, memoranda, or any writings filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

(c) Any person designating documents, testimony, or other information as "Confidential"

hereunder asserts that he or she believes in good faith that such material is Confidential Information which is not otherwise available to the public generally. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

## II. DESIGNATION OF DOCUMENTS AND DEPOSITIONS

(a) Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s). The parties shall make every effort to designate as CONFIDENTIAL only documents that contain information protected as confidential under California law, including but not limited to, proprietary information, financial information, trade secrets, personnel, medical and payroll information, or other similarly protected information. The failure to so designate documents at the time of production shall not constitute a waiver of the protection of this Order and any party may, at any time during the course of the action up to 30 days before the actual trial date designate any documents or information produced as confidential that have not as yet been so designated.

(b) Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order: the parties and their attorneys and staff, the court reporter, the deponent, and the deponent's attorney. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. The parties shall instruct the court reporter to segregate such portions of the deposition in a separate transcript

designated as "Confidential." Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

(c) Any party may designate documents produced or portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other party in writing and by reproducing said documents with the required confidential designation. Thereafter each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any disclosure or use of such documents or transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt of such written notice. Any person who receives actual notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "Confidential" at the time he, she, or it first received it in connection with this matter.

(d) Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party designating document produced or portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order and, specifically, Paragraph 2, subsection (c), above.

### III.   LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

(a) No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b) Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

   (i) The parties hereto;

   (ii) Attorneys of record for the parties and their respective associates, clerks and

employees involved in the conduct of this litigation;

(iii) In-house counsel for Defendant, its subsidiaries, and/or its affiliates;

(iv) Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(v) The Court, its officers, court reporters, and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court; and

(vi) Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action.

(c) Before any person described in Paragraph 3, subsection (b)(iv), receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request. Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

(d) Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in Paragraph 3, subsection (c), above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

(e) The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraph 3, subsections (b)(i)–(b)(vi), above.

### IV.     FILING DOCUMENTS UNDER SEAL

(a) If a party submits a document to the Court, which the other party has designated as

CONFIDENTIAL or which contains Confidential Information and which has not been successfully challenged under Paragraph 5 below, the submitting Party shall notify the Party designating the document as CONFIDENTIAL prior to submitting any CONFIDENTIAL documents to the Court so as to provide the designating Party sufficient time to determine whether it needs to file a Request to Seal Documents under Local Rule 141.  If the designating Party decides to move to seal the CONFIDENTIAL documents, the Party seeking to seal the CONFIDENTIAL documents must comply with the procedures set forth in Local Rule 141 and must also comply with Federal Rules of Civil Procedure 26(c)(1).  To the extent permitted by Local Rule 140, all Confidential Information filed with the Court and any pleading or other paper containing Confidential Information filed with the Court shall be redacted so that they do not disclose the contents of the Confidential Information that is subject to the Protective Order.

(b)    Any party requesting that a record be filed under seal must comply with Local Rule 141.  The Parties agree and recognize that Confidential Information or any paper containing Confidential Information cannot be filed under seal based solely upon this stipulated Protective Order.

## V.   CHALLENGE TO CONFIDENTIALITY DESIGNATION

Any party that wishes to challenge the designation of a document or other information as "Confidential" may, for good cause, bring a motion before the Court requesting that the Court deny the designation of any document or information as "Confidential."  The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court.  Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

## VI.   SURVIVAL OF ORDER – RETURN OF DOCUMENTS

(a)    The provisions of this Order shall continue in effect until otherwise ordered by the Court, or one of them, after notice and an opportunity to be heard is afforded to the parties to this action.  The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his,

her, or its obligations hereunder.  The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.  Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein.

(b)     Except as provided in Paragraph 4 or Paragraph 6, subsection (a), hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Paragraph 3 hereunder, or be kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

## VII.  USE OF DOCUMENTS AT TRIAL

This Stipulation and Protective Order, except as provided in Paragraph 4, above, shall not apply to information designated or marked "Confidential" hereunder which is used at any evidentiary hearing or trial in this action.  The parties hereby reserve their rights to use, or seek to limit the disclosure of, Confidential Information at any such hearing or trial.

## VIII.  USE OF OWN DOCUMENTS

Nothing in this Protective Order shall limit the use by any party, person, or entity of his, her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

## IX.  APPLICATIONS TO COURT

(a)     This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available.  This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b)     Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms

1 hereof.

2     (c)    The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction. In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

    (d)    If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in Paragraph 3, subsection (c), above, refuses to do so, the parties may complete the deposition on other matters or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in Paragraph 3, subsection (c), above, or an order that deponent shall be bound by the terms of this Protective Order. Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

## X.    AGREEMENT TO COOPERATE

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in Paragraph 3, subsection (c), above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective

law firms).  An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

## XI. <u>NO ADMISSIONS</u>

Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential," shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "Confidential."

## XII. <u>NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY</u>

Nothing in this Protective Order shall be construed as requiring disclosure of Confidential Information, including, but not limited to, materials subject to protection under the attorney-client privilege and/or the attorney work-product doctrine, the trade secrets privilege, or any other applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is otherwise beyond the scope of permissible discovery.  Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

## XIII. <u>DISCLOSURE IN VIOLATION OF ORDER</u>

If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately in writing notify the opposing party and the designating party of all pertinent facts relating to such disclosure to the attention of, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Confidential Information.

## XIV. <u>MODIFICATION – FURTHER AGREEMENTS</u>

Nothing contained herein shall preclude any party from seeking from the Court, modification of this Stipulated Protective Order upon proper notice or shall preclude the parties from entering into

other written agreements designed to protect Confidential Information.

XV. **COUNTERPARTS**

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute one instrument.

DATED: March 28, 2023                    DIVERSITY LAW GROUP, APC


By:  /s/ Max W. Gavron
       Howard L. Magee
       Max W. Gavron

Attorneys for Plaintiff PETER CAVAZOS


DATED: March 29, 2023                    OGLETREE, DEAKINS, NASH,
                                         SMOAK & STEWART, P.C.


By:  /s/ Haidy M. Rivera
       James T. Conley
       Haidy M. Rivera

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

**ORDER**

IT IS HEREBY ORDERED that the parties' stipulation is granted.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: March 31, 2023                    /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY

I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, 2023, in the action entitled *Peter Cavazos v. Wal-Mart Associates, Inc., et al.*, Case No. 2:22-cv-01455-JAM-DB, USDC, Eastern District of California.  I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof.  I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order.  I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Order.

Executed this _____ day of _____, 2023, at _____, _____.

_____

Name: _____

Affiliation: _____

Address: _____

_____

53987721.v1-OGLETREE